No. ____

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

IN RE KENNETH EUGENE BARRETT,
Movant.

---

CAPITAL CASE

---

APPLICATION FOR AUTHORITY TO FILE A SUCCESSIVE
28 U.S.C. §2255 MOTION TO VACATE CONVICTION UNDER
*McCOY V. LOUISIANA*

---

**HEATHER E. WILLIAMS**, CA Bar No. 122664
Federal Defender
**JOAN M. FISHER**, Idaho Bar No. 2854
Assistant Federal Defender
**CARRIE WARD**, MO Bar No. 57581
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700
Joan_Fisher@fd.org
Carrie_Ward@fd.org

Counsel for Kenneth Eugene Barrett, Movant.

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................2

STATEMENT OF RELEVANT FACTS ...................................................................6

   A. Conviction and Sentencing...........................................................................6

   B. Direct Appeal...............................................................................................7

   C. Previous §2255 Motions...............................................................................7

LEGAL ANALYSIS AND ARGUMENT .................................................................9

   A. Mr. Barrett can make a sufficient prima facie showing of possible merit to warrant fuller exploration by the district court.................................................9

     1. *McCoy* announced a new rule of constitutional law that was previously unavailable...................................................................................................11

     2. *McCoy* is a substantive rule of law and is retroactive under the Supreme Court's rubric in *Teague v. Lane*.................................................................13

   B. Mr. Barrett is entitled to relief under 28 U.S.C. §2255 because his claim under *McCoy* is cognizable, timely, and satisfies the successive petition requirements of §225(h) (2)...............................................................................16

# EXHIBITS

1 – Doc. 113, Tenth Ex Parte Motion Concerning the Funding of Mr. Barrett's Defense, April 6, 2005

2 – Doc. 128, Order Granting Ex Parte Motion Concerning Funding of Mr. Barrett's Defense, May 5, 2005

3 – Doc. 132, Mr. Barrett's First Pro Se Motion for Change of Appointed Counsel, May 13, 2005

4 – Doc. 135, Mr. Barrett's Second Pro Se Motion for Change of Appointed Counsel, May 23, 2005

5 – Doc. 137, Order Denying Mr. Barrett's Pro Se Motion for Change of Appointed Counsel, May 24, 2005

**APPLICATION FOR AUTHORITY TO FILE A SUCCESSIVE**
**28 U.S.C. §2255 MOTION TO VACATE CONVICTION UNDER**
***McCOY V. LOUISIANA***

Movant/Defendant, Kenneth Eugene Barrett, through undersigned counsel, respectfully asks this Court, pursuant to 28 U.S.C. §2244(b)(3), to authorize him to file the attached successive motion under 28 U.S.C. §2255(h)(2). Appendix A. Mr. Barrett makes this request so that he may immediately assert a challenge to his conviction for: (Count 1), use and carrying a firearm during and in furtherance of drug trafficking offenses, resulting in death, in violation of Title 18 U.S.C. §924(c)(1)(A) AND (j); (Count 2) use and carrying a firearm during and in furtherance of a crime of violence, to wit, the killing of a state law enforcement officer, in violation of Title 18 U.S.C. §924(c)(1)(A) and (j); and (Count 3) the intentional killing of a state law enforcement officer during the commission of a drug trafficking crime, in violation of Title 21 U.S.C. §848(e)(1)(B) (Doc. 52 Case No CR-06 :04-00115-RAW-1).

Specifically, Mr. Barrett seeks to challenge his convictions and the sentences of life without the possibility of release[1] and one sentence of death imposed for those convictions under *McCoy v. Louisiana*, 584 U.S. __, 138 S. Ct. 1500 (2018).

---

[1] Mr. Barrett currently has a Motion for Authorization to file a successor challenging his convictions for all three counts under *U.S. v. Johnson,* 135 U.S. 2551 (2015) and *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018). *In re Barrett* No. 16-7039 (10th Cir. 2016).

*McCoy* held that the Sixth Amendment guarantees a defendant the right to choose the objective of his defense. The error counsel made in superseding the objective wishes of the criminal defendant in *McCoy* was deemed structural and thus reversible error. This category of error is retroactive in its application. Mr. Barrett has timely filed this application for authority to file a successor Motion to Vacate under *McCoy v. Louisiana, supra,* and the attached § 2255 motion (incorporated herein) within one year after the Supreme Court issued its decision in *McCoy* on May 14, 2018.

As explained below, Mr. Barrett can make the *prima facie* showing required by 28 U.S.C. §§ 2244(b)(3) and 2255(h)(2). The argument and factual background are fully briefed in Mr. Barrett's Third Successive Motion to Vacate, which is hereby incorporated and attached hereto.

This Court therefore should allow the district court an opportunity to consider the merits of his claim as presented in this application.

**INTRODUCTION**

On November 4, 2008, Kenneth E. Barrett, was convicted of one count of using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses, resulting in Death, in violation of 18 U.S.C. §924(c)(1)(A) and (j) (Count 1), one count of using or carrying a firearm during and in relation to a crime of violence, to wit:

2

Title 21 U.S.C. §848(e)(1)(B), killing of a state law enforcement officer engaged in or on account of the performance of such officer's official duties, such killing being murder as defined in Title 18 U.S.C. §1111 in violation of 18 U.S.C. §924(c)(1)(A)and (j) (Count 2); and, one count of intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer engaged in he performance of his official duties, in violation of 21 U.S.C. §848(e)(1)(B) (Count 3). CR-04-00115-RAW,[2] Doc. 240 at 5-8. On November 17, 2005, Mr. Barrett was sentenced by the jury to life without possibility of release on Counts 1 and 2 and to death on Count 3. Doc. 258 at 30, 34, 40.

Mr. Barrett was twice tried for offenses relating to the death of Officer Eales by the State of Oklahoma. The first resulted in a mistrial, the second a conviction for voluntary manslaughter and a sentence of twenty years confinement. Mr. Barrett was represented by attorney John Echols at both state trials.

On the date the statute of limitations was set to expire related to drug offenses, the federal government indicted Mr. Barrett. Mr. Echols was appointed by the trial judge to represent Mr. Barrett, and appointed co-counsel, Mr. Roger Hilfiger. Doc. 004-0 (Initial Appearance, Minutes); Doc. 010 (Entry of

---

[2] Unless otherwise indicated all documents docketed and cited as "Doc." refer to Mr. Barrett's criminal proceeding, CR-04-00115-JHP (now RAW, as of the order dated March 4, 2019, Doc. 445).

Appearance).  He was ultimately convicted on the superseding indictment. Doc. 052.

Later, in a sealed pleading, Mr. Echols' filed a motion to withdraw as counsel, citing budget issues as creating a conflict of interest.  Doc. 113 (attached hereto) and marked Exhibit (Exh.) 1. This pleading made clear that Mr. Barrett was not satisfied with the release of his counsel, Mr. Echols.  There is no indication that the court conducted any colloquy with Mr. Barrett prior to approving the request to withdraw.  Mr. Echols' request was granted on May 5, 2005.  Doc. 128, attached hereto as Exhibit (Exh.) 2.  In fact, the record is clear and unambiguous that Mr. Barrett was not satisfied with his remaining counsel, Mr. Hilfiger, nor with the appointment of Mr. Smith, recognized at the outset as not meeting the American Bar Association's Guidelines for counsel learned in the practice of capital defense litigation, as co-counsel.  Doc. 132, Doc. 135 (*pro se* motions for substitution of counsel), attached hereto and marked Exhibits (Exhs.) 3, 4.

In his first hand-written motion, Mr. Barrett alleges that his counsel ignores his efforts to communicate and, when in contact, lies to him.  This motion was declared moot by the court in light of Mr. Barrett's filing of a second motion for the substitution of counsel Doc. 137 attached hereto Exhibit (Exh.) 5.  Therein, Mr. Barrett specifically seeks the release of both Roger Hilfiger and Bret Smith.  *Id.*at p. 3.  He avers to the court that he does "not have the faith in them or the trust to be

able to defend [him]." He further averred that he "***does not agree with their strategy with [his] case***." Exh. 4 at 3-4 (Emphasis added).

Although Mr. Barrett raised strategy concerns to the court, the court failed to engage in any discourse with Mr. Barrett regarding the issues with his counsel. In the written order, the court reduces the complaint to "Mr. Barrett indicates he does not feel comfortable" with his appointed counsel. Exh. 5, p. 2. The court relies solely on the Sixth Amendment right to counsel in the opinion, simply finding "he does not have the right to choose his counsel." *Id.*[3]

In *McCoy,* 138 S. Ct. 1500, issued on May 14, 2018, the Supreme Court articulated a watershed rule of constitutional law that the Sixth Amendment protects a criminal defendant's right "to have the assistance of counsel" for his defense and it is the defendant's prerogative to name the objective of his defense. *Id.,* at 1503. As outlined below, Mr. Barrett made clear and unrefuted objections to his trial counsel, both on and off the record, twice filing a motion for new counsel. Ex. 3 and 4.[4] Given his unambiguous dissatisfaction with their representation and

---

[3] At Doc. 137 (Exh. 5) n.3, the Court notes that Mr. Barrett's counsel will be armed with the transcripts of the prior state trials" which first resulted in a mistrial and the second, although charged with capital murder, returned a verdict of various acquittals and a conviction and sentence to 20 years confinement for the voluntary manslaughter of Trooper Eales.

[4] Because Mr. Barrett's ability to cooperate in his own defense was raised as an issue in a post-conviction evidentiary hearing, all three trial counsel testified on this issue. The government relied heavily on Mr. Barrett's personal trial notes,

specifically the "strategy" employed, in failing to effectively pursue his affirmative claim of self-defense in order to obtain a life sentence, Mr. Barrett's convictions cannot be sustained in light of the holding in *McCoy v. Louisiana, supra*. Mr. Barrett now requests authorization from this Court to file a successive §2255 petition.

## STATEMENT OF RELEVANT FACTS

### A. Conviction and Sentencing

Mr. Barrett was indicted and ultimately tried for three capital offenses, Count 1 alleging the use of a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. §924(c)(1)(A); Count 2 alleging the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §848(e)(1)(B); and Count 3, alleging the intentionally killing, during the commission of a drug trafficking crime, a state law enforcement officer, in violation of 21 U.S.C. §848(e)(1)(B). Each alleged an action resulting in the death of Trooper Eales. Doc. 152.

Mr. Barrett was subsequently convicted of all three counts. Doc. 241. His jury returned sentences of life without possibility of release as to Counts 1 and 2 and death as to Count 3. Doc. 258.

---

evidencing his strong desire throughout the guilt phase of his trial to present impeachment and extrinsic evidence of his affirmative claim of self-defense. See Doc. 447, p. 754.

## B. Direct Appeal

Mr. Barrett was represented by appointed counsel, Mark Henricksen, assisted by his lead trial counsel, Mr. Roger Hilfiger, who was appointed co-counsel on appeal. on direct appeal, who was assisted by new counsel. Mr. Hilfiger raised several issues to the Circuit Court, none of which touched upon the presentation of evidence in the guilt phase of Mr. Barrett's federal trial. The Circuit Court rejected all claims and affirmed Mr. Barrett's convictions and death sentence. *United States v. Barrett* (I), 496 F.3d 1079 (10th Cir. 2007). The United States Supreme Court denied certiorari. *Barrett v. United States,* 552 U.S. 1260 (2008)

## C. Previous §2255 Motions

Following the denial of *certiorari*, Mr. Barrett timely filed in the Eastern District of Oklahoma a motion for collateral relief under 28 U.S.C. § 2255. He asserted in the motion numerous claims including (1) the denial of a fair and impartial judge, (2) denial of due process by prosecutorial misconduct in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Napue v. Illinois* 360 U.S. 264 (1959), and (3) that trial and appellate counsel was ineffective in numerous respects. The district court denied relief. *Barrett v. United States,* 2012 WL 3542609 (E.D. Ok. Aug. 16, 2012). The district court also denied Mr. Barrett's subsequent motion to amend the judgment pursuant to Fed. R. Civ. P. 59(e). *Barrett v. United States,* 2012 WL 5363410 (E.D. Ok. Oct. 30, 2012). This Court

affirmed in part and reversed in part, and remanded the same for an evidentiary hearing on the ineffective assistance of counsel at sentencing. *Barrett v. United States (II),* 797 F. 3d 1207 (10th Cir. 2015).

On May 11, 2016, Mr. Barrett filed a Motion seeking authorization to file a second Motion to Vacate ("Motion for Pre-filing Authority"), alleging newly discovered evidence of continuous, pervasive egregious prosecutorial and police misconduct in violation of due process as held by the United States Supreme Court in *Napue v. Illinois*, 360 U.S. 264 (1959), *Giglio v. United States*, 405 U.S. 150 (1972), and *Mooney v. Holohan,* 294 U.S. 103, 112 (1935) that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense under 28 U.S.C.§ 2255(h)(1). *Barrett v. United States,* Case No. 16-7035 (entered as filed May 12, 2016).

The Second §2255 Motion to Vacate was filed in the United States District Court for the Eastern District of Oklahoma, conditioned on the grant of authorization by this Court. *United States v. Barrett,* 6:04-cr-00115-JHP, Doc. 431 (Notice of Conditional Filing), Doc. 432 (Second Motion to Vacate, Set Aside or Correct). On May 19, 2016, the district court denied the Motion to Vacate for lack of jurisdiction. Doc. 438 (Minute Order).

8

On May 23, 2016, Mr. Barrett filed a Third Application to file a Motion to Vacate, this time based upon the newly articulated and retroactive Supreme Court law in *Johnson v. United States,* 135 S. Ct. 2551 (2015) and later, *Sessions v. Dimaya*. *See In re Barrett*, Case No. 16-7305, Doc. 01019625476. That successor petition is pending in this Court under an Order of Abatement. *See id.,* Doc. 01019645405.

**LEGAL ANALYSIS AND ARGUMENT**

This Court should grant Mr. Barrett's application for authorization to file a successive §2255 motion in the district court because his motion is predicated upon *McCoy*, wherein the Supreme Court expressly defined a new constitutional right protected under the mantle of the defendant's right to self-representation. The rule is applied retroactively to cases on collateral review. See Section A.1, 2, *infra.*

**A. Mr. Barrett can make a sufficient prima facie showing of possible merit to warrant fuller exploration by the district court.**

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 allows a federal prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a *prima facie* showing that the motion to be filed is based on (1) a previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the

9

Supreme Court to cases on collateral review. *See Tyler v. Cain,* 533 U.S. 656, 662 (2001).

In the synopsis below and the attached Motion, incorporated hereto, Mr. Barrett has made a *prima facie* showing. *See Case v. Hatch*, 731 F.3d 1015, 1028-29 (10th Cir. 2013)(prima facie showing constitutes a simple showing of possible merit to warrant fuller exploration by the district court). Further, the "showing of possible merit" relates only to the possibility that the requirements for filing a successive §2255 motion will be met, not to the underlying merit of the claim that motion asserts. *See id.* The Supreme Court has recognized the retroactivity of *McCoy* and ordered reconsideration in similarly situated cases. *See, e.g., Hashimi v. United States*, __U.S__, 139 S.Ct. 377 (October 15, 2018) (With unanimity of the Court, vacating the judgment and remanding for further consideration in light of *McCoy*). While the determination of whether Mr. Barrett has made a *prima facie* showing that his claim satisfies §2255(h) (2)'s requirements may entail a cursory glance at the merits, the focus of the Circuit Court's inquiry must remain on the gatekeeping standard itself, allowing the district court to explore the full scope of the claim once authorization to file is granted. *See United States v. Williams*, 330 F.3d 277, 282 (4th Cir. 2003). Mr. Barrett easily satisfies the standard. The Court should grant this application.

**1. *McCoy* announced a new rule of constitutional law that was previously unavailable**

*McCoy* created a specific right of self-autonomy for a criminal defendant to determine the objective of his defense. Mr. Barrett continues to assert that his trial counsel were woefully ineffective at the guilt phase of his trial, refusing to entertain and adequately present his affirmative defense of defense of self and the defense of his son, Toby Barrett. This was raised in his original §2255 motion to the district court and denied. The Circuit Court issued a certificate of appealability of the issue, but several material avenues of discovery were denied due to improper rulings by the district court and left Mr. Barrett arguably unable to overcome his burden to demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 ((1984).[5]

However, the due process implications of *McCoy* raise an issue parallel but untethered to the ineffective assistance of counsel. It is a rule of criminal procedure that is separate and apart from the ineffective assistance question, perhaps supported by evidence of trial counsel's errors, but evaluated outside *Strickland*. The right granted in *McCoy* stands alone and where there is right, there is remedy. The government cannot, in light of its past arguments in Mr. Barrett's case now argue that his trial counsel performed to provide meaningful assistance to

---

[5] See, *United States v. Barrett (II)*, 797 F.3d 1207 (10th Cir, 2015).

his objective. As his original trial counsel testified, "he wanted to be defended." Doc. 430, p. 509.

A case announces a new rule if its result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S.Ct. 1103, 1107 (2013)(quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)).

Here, the rule announced in *McCoy* that "[v]iolations of a defendant's Sixth Amendment-secured autonomy ranks as error of the kind our decisions have called 'structural.'" *McCoy* v. *Louisiana*, 138 S.Ct. at 1511 (citing *McKaskle*, 465 U.S. at 177 n.8) ("harmless-error analysis is inapplicable to deprivations of the self-representation right because '[t]he right is either respected or denied; its deprivation cannot be harmless'")(additional citations omitted). Prior to *McCoy,* questions of attorney conduct that violated a defendant's autonomy were evaluated under the rubric of effective assistance of counsel, a standard defined in *Strickland v. Washington*, 466 U.S. 668 (1984). *McCoy* specifically distinguished the issue from the more generalized holding in *Florida v. Nixon*, 543 U.S.175 (2004) and set a new standard for evaluating a client's right to autonomy under the Sixth Amendment, carving a rule that is now outside of and unrelated to the framework of effective assistance of counsel. In *Nixon*, this Court considered whether the Constitution bars counsel from conceding a capital defendant's guilt at trial "when [the]

defendant, informed by counsel, neither consents nor objects." This Court held

that when counsel confers with a defendant and the defendant remains silent,

neither approving nor opposing, "[no] blanket rule demand[s] the defendant's

explicit consent" to implementation of that strategy. *Nixon* at 192. In *McCoy*,

counsel ignored the explicit objective of the client and made choices couched in

strategy that were in fact objective determinations to seek mercy at sentencing

rather than hold the government to its burden of proof during the guilt innocence

phase of trial.

There is no question that *McCoy* announced a rule "of constitutional law."

The Court's bright line holding that counsel's admissions of guilt without the

client's consent was "a violation of a defendant's Sixth Amendment secured

autonomy. . . because the admission blocked the defendant's right to make

fundamental choices about his own defense." *McCoy v. Louisiana*, 138 S.Ct. at

1500.

    **2. *McCoy* is a substantive rule of law and is retroactive under the Supreme Court's rubric in *Teague v. Lane*.**

28 U.S.C. §2255(f)(3) incorporates the language from *Teague v. Lane*, 489

U.S. 288 (1989), wherein the Supreme Court held . However, the rules governing

§2255 petitions are slightly more expansive, wherein Congress enacted retroactive

entitlement for a newly recognized <u>right</u> rather than limit retroactivity to a new

<u>rule</u>, arguably issued to define the scope of application to a right of a criminal

13

defendant.  In *Teague*, the Court explained retroactive application and established a general premise that, as a threshold question, once remedy has been granted to the nominal defendant, "evenhanded justice requires that it be applied retroactively." *Id.* at 300.  A rule is new if it "was not *dictated* by precedent existing at the time the defendant's conviction became final."  *Id.*  (Emphasis in original, internal citations omitted).

Teague carves out two exceptions and allows for retroactive application to those rules implicit in the concept of ordered liberty and which constitute a "watershed rule of criminal procedure."  *Id.* at 311.  A rule is "watershed" if it affects the "fundamental fairness and accuracy of the criminal proceeding." *Safflev. Parks*, 494 U.S. 484 (1990).  Therefore, *Teague* presents no bar to the Court's consideration of Mr. Barrett's claim.  The Sixth Amendment's protections over the autonomy of a criminal defendant are "implicit in the concept of ordered liberty."  *McCoy*, 138 S.Ct. at 693.  The error is structural.  *Id.* at 1503.

While not all structural errors fall within a *Teague* exception, finding a violation to be structural error is evidence tending to favor that the violation is also a watershed rule.  *See United States v. Sanders*, 247 F.3d 139, 150-51 (4th Cir. 2001)("We merely emphasize that finding something to be a structural error would seem to be a necessary predicate for a new rule to apply retroactively under *Teague*.").  Thus, the new rule announced in *McCoy* meets both prongs of the

14

*Whorton v. Bockting*, 549 U.S. 406 (2007) analysis (*see* BIO at 25).  *Whorton* requires that a watershed rule: (1) "must be necessary to prevent 'an impermissibly large risk' of an inaccurate conviction[,]", and (2) "'must alter our understanding of the bedrock elements essential to the fairness of a proceeding.'" *Id*. at 418.  The *McCoy* rule does both.  As demonstrated in the attached petition marked Appendix A and incorporated herein as if fully set forth herein, a *McCoy* violation necessarily introduces an "impermissibly large risk of an inaccurate conviction" by inhibiting the jury's ability to consider all evidence of innocence.  Second, this type of violation "alter[s] our understanding of the bedrock elements essential to the fairness" of a capital conviction by defining a new constitutionally-grounded right for the defendant to dictate the objectives of his trial.

The Supreme Court has applied *McCoy* retroactively to similarly situated petitioners.  *See, Hashimi v. United States*, 139 S.Ct. 377 (Decided October 15, 2018).  In *Hashimi*, the concession of guilt was a single statement uttered in closing argument.  Hashimi's Petition for Writ of Certiorari, filed in the U.S.S.C. on June 9, 2018, Case No. 16-4846.  One comment in closing argument amid an entire death penalty trial was sufficient for the Supreme Court to vacate and remand under *McCoy*.  *McCoy* is retroactive, Mr. Barrett's successor under McCoy should be permitted.

15

**B. Mr. Barrett is entitled to relief under 28 U.S.C. §2255 because his claim under *McCoy* is cognizable, timely, and satisfies the successive petition requirements of §225(h) (2)**

The analysis above demonstrates that Mr. Barrett has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C).  His application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court."  Because *McCoy's* holding impacts the entirety of Kenneth Barrett's federal trial, the convictions should be reversed and remanded.

WHEREFORE, because Mr. Barrett has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the Eastern District of Oklahoma the attached successive motion pursuant to 28 U.S.C. §2255.

DATED:    May 14, 2019

> *Joan M. Fisher*
> JOAN M. FISHER
> Assistant Federal Defender
>
> *Carrie Ward*
> CARRIE WARD
> Assistant Federal Defender

**CERTIFICATE OF DIGITAL SUBMISSION**

I certify that all required privacy redactions have been made and, with the exception of those redactions, every document submitted in digital form or scanned PDF format is an exact copy of the written document filed with the Clerk. I further certify that the ECF submission was scanned for viruses using Systematic Endpoint Protection, updated, May 14, 2019, and according to the program is free of viruses.

DATED: May 14, 2019

_Joan M. Fisher_
JOAN M. FISHER
Assistant Federal Defender

# CERTIFICATE OF ELECTRONIC FILING AND SERVICE

This is to certify that on this 14th day of May, 2019, I caused the foregoing:

APPLICATION FOR AUTHORITY TO FILE A SUCCESSIVE 28 U.S.C. §2255

MOTION TO VACATE CONVICTION UNDER *McCOY V. LOUISIANA* to be

filed with the Clerk of the Court of Appeals using the ECF System for filing and

with service to be made electronically on the following ECF registrants:

Jeffrey B. Kahan
United States Department of Justice
jeffrey.kahan@usdoj.gov,

Christopher J. Wilson
Assistant United States Attorney
chris.wilson@usdoj.gov

To the undersigned's knowledge, there are no non-ECF registrants who are counsel

in this case.

DATED:  May 14, 2019

*Joan M. Fisher*
JOAN M. FISHER
Assistant Federal Defender
