# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-04-115-P |
| ) | |
| KENNETH EUGENE BARRETT, ) | **FILED** |
| ) | |
| Defendant. ) | MAY 2 4 2005 |

William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

**ORDER**

This matter comes on for consideration of Defendant, Kenneth Eugene Barrett's, *pro se* Motion for Change of Appointed Counsel (Docket No. 135), in which the defendant alleges he has lost his "main counsel John David Echols," and requests this Court appoint new counsel. Additionally, Mr. Barrett indicates he does not want Roger Hilfiger or Bret Smith to be his counsel because he does not have "faith in them or trust [them] to be able to defend [him]." Further, Mr. Barrett states he does not agree with their strategy of his case and feels, in light of their private caseloads, they do not have enough time to prepare for a death penalty case like his. Finally, Mr. Barrett complains that Mr. Smith has never done a death penalty case.

On October 25, 2004, this Court, pursuant to 18 U.S.C. § 848(q),[1] appointed John David Echols and Roger Hilfiger as co-counsel.[2] On April 6, 2005, Mr. Echols filed a Motion to Withdraw

---

[1] Title 21 U.S.C. § 848(q)(4)(A) authorizes, in every criminal case in which a defendant is "charged with a crime which may be punishable by death" and the defendant is financially unable to afford adequate representation, appointment of one or more attorneys. Where appointment of counsel is made before judgment, at least one of the attorneys appointed "must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court. 21 U.S.C. § 848(q)(5).

[2] At the time Echols and Hilfiger were appointed, this Court did not designate either counsel as "lead counsel."

KEB011410

(Docket No. 113). On May 17, 2005, this Court granted Mr. Echols' Motion to Withdraw. ~~Thereafter, on May 17, 2005, this Court appointed Bret Allan Smith as co-counsel to Roger Hilfiger~~ who was, on that day, appointed as lead counsel herein.

Although Mr. Barrett indicates he does not feel comfortable with Mr. Hilfiger and Mr. Smith ~~handling his case, both counsel have been admitted to this court for more than ten years.~~ Specifically, in addition to practicing before this Court since his admission on July 10, 1972, Mr. Hilfiger has previously held the position of United States Attorney for the Eastern District of Oklahoma. Further, Mr. Hilfiger has previously appeared as retained counsel in a death penalty case tried in this district. *See, United States v. Hutching, et al.*, Case No. CR-92-32-S. Mr. Smith has ~~been admitted to practice in this district since April 3, 1992.~~

While Mr. Barrett has a right, under the Sixth Amendment, to court appointed counsel, he does not have the right to choose his counsel. Further, even in a death eligible case, there is no ~~blanket requirement for appointment of more than one attorney. *See,* 21 U.S.C. §848(q)(4)(A).~~ Although the amount of investigation and preparation to defend this particular case,[3] should not have been unduly burdensome to one attorney, this Court, in effort to ensure that the defendant will receive effective assistance of counsel as required by the Sixth Amendment, appointed two attorneys. Further, when Mr. Echols sought permission to withdraw, this Court appointed another attorney to ~~assist lead counsel herein. Together, even in light of their individual caseloads, this Court believes~~ they will have adequate time to prepare for this particular case. Accordingly, defendant's Motion for Change of Appointed Counsel (Docket No. 135) is hereby denied.

---

[3] The defendant has stood trial twice before in state court on charges arising from the same factual scenario for which the charges involved in the instant action arose. Counsel has a copy of the first state court trial transcript and this Court has authorized counsel to order the second state court trial transcript.

KEB011411

It is so ordered on this ___24___ day of May, 2005.

JAMES H. PAYNE
UNITED STATES DISTRICT COURT JUDGE

3

KEB011412